

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Richard Jimenez,<br>Plaintiff,<br>v.<br>Optical Communications Products, Inc. et al.,<br>Defendants. | CV 02-1645 SVW (CWx)<br>ORDER GRANTING MOTION TO DISMISS |

I. Introduction.

The plaintiff captions the two discernable causes of action in the complaint "Racial Discrimination" and "[Libel] and Slander." The gravamen of the complaint appears to recite wrongful termination on the basis of race. On that reading of the complaint the action arises under Section 2000e-2(a) of Title 42 and the Court has jurisdiction under 28 U.S.C. § 1331. The defendants move to dismiss under Rules 8(a), 8(e) and 12(b)(6) of the Fed. R. Civ. P., and in the alternative for a more definite statement under Rule 12(e).

II. Discussion.

The motion to dismiss is GRANTED. Should the plaintiff wish to file an amended complaint, he must conform his pleadings to the Federal Rules of Civil Procedure. For the plaintiff's reference, copies of Rules 8 and 12 of the Fed. R. Civ. P. are attached to this Order. The plaintiff is advised to comply with Rules 8(a) and 8(e),

ENTERED ON ICMS
APR 19 2002
CV

8

so as to put the defendants on notice of the claims asserted against them, as well as the alleged factual basis supporting those claims.

III. Conclusion.

The motion to dismiss is GRANTED.

IT SO ORDERED.

DATED: 4/18/02

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

2001 EDITION

# FEDERAL CIVIL JUDICIAL PROCEDURE and RULES

As amended to March 9, 2001

Rules of Civil Procedure
Rules of Judicial Panel on Multidistrict Litigation
Rules—Habeas Corpus Cases
Rules—Motion Attacking Sentence
Rules of Evidence
Rules of Appellate Procedure
Rules of the Supreme Court

---

Includes laws through the close of the 106th Congress, Second Session (2000)

Title 28, Judiciary and Judicial Procedure
Act June 25, 1948, c. 646, §§ 2 to 39
Appendix:
  Judicial Personnel Financial Disclosure Requirements [Repealed]
  Development of Mechanisms for Resolving Minor Disputes [Codified]
Constitution of the United States
Title 5, Government Organization and Employees
  App. 4—Financial Disclosure Requirements of Federal Personnel
Consolidated Index

WEST GROUP
A THOMSON COMPANY

(3) All motions shall be signed in accordance with Rule 11.

(c) **Demurrers, Pleas, etc., Abolished.** Demurrers, pleas, and exceptions for insufficiency of a pleading shall not be used.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Apr. 28, 1983, eff. Aug. 1, 1983.)

## ADVISORY COMMITTEE NOTES

### 1937 Adoption

1. A provision designating pleadings and defining a motion is common in the state practice acts. See Smith-Hurd Ill.Stats. ch. 110, § 156 (Designation and order of pleadings); Minn.Stat. (Mason, 1927) § 9246 (Definition of motion); and N.Y.C.P.A. (1937) § 113 (Definition of motion). Former Equity Rules 18 (Pleadings—Technical Forms Abrogated), 29 (Defenses—How Presented), and 33 (Testing Sufficiency of Defense) abolished technical forms of pleading, demurrers and pleas, and exceptions for insufficiency of an answer.

2. Note to Subdivision (a). This preserves the substance of [former] Equity Rule 31 (Reply—When Required—When Cause at Issue). Compare the English practice, *English Rules under the Judicature Act* (The Annual Practice, 1937) O. 23, r.r. 1, 2 (Reply to counterclaim; amended, 1933, to be subject to the rules applicable to defenses, O. 21). See O. 21, r.r. 1–14; O. 27, r. 13 (When pleadings deemed denied and put in issue). Under the codes the pleadings are generally limited. A reply is sometimes required to an affirmative defense in the answer. 1 Colo.Stat.Ann. (1935) § 66; Ore. Code Ann. (1930) §§ 1–614, 1–616. In other jurisdictions no reply is necessary to an affirmative defense in the answer, but a reply may be ordered by the court. N.C.Code Ann. (1935) § 525; 1 S.D.Comp.Laws (1929) § 2357. A reply to a counterclaim is usually required. Ark.Civ.Code (Crawford, 1934) §§ 123 to 125; Wis.Stat. (1935) §§ 263.20, 263.21. U.S.C. Title 28, [former] § 45 (District courts; practice and procedure in certain cases) is modified insofar as it may dispense with a reply to a counterclaim.

For amendment of pleadings, see Rule 15 dealing with amended and supplemental pleadings.

3. All statutes which use the words "petition", "bill of complaint", "plea", "demurrer", and other such terminology are modified in form by this rule.

### 1946 Amendment

Note. This amendment eliminates any question as to whether the compulsory reply, where a counterclaim is pleaded, is a reply only to the counterclaim or is a general reply to the answer containing the counterclaim. The Commentary, *Scope of Reply where Defendant Has Pleaded Counterclaim,* 1939, 1 Fed.Rules Serv. 672; *Fort Chartres and Ivy Landing Drainage and Levee District No. Five v. Thompson,* Ill.1945, 8 Fed.Rules Serv. 13.32, Case 1.

### 1963 Amendment

Certain redundant words are eliminated and the subdivision is modified to reflect the amendment of Rule 14(a) which in certain cases eliminates the requirement of obtaining leave to bring in a third-party defendant.

### 1983 Amendment

One of the reasons sanctions against improper motion practice have been employed infrequently is the lack of clarity of Rule 7. That rule has stated only generally that the pleading requirements relating to captions, signing, and other matters of form also apply to motions and other papers. The addition of Rule 7(b)(3) makes explicit the applicability of the signing requirement and the sanctions of Rule 11, which have been amplified.

## HISTORICAL NOTES

**Effective and Applicability Provisions**

1946 Amendment. Effective date of amendment to this rule, see rule 86(b).

## Rule 8. General Rules of Pleading

**(a) Claims for Relief.** A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

**(b) Defenses; Form of Denials.** A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. If a party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial. Denials shall fairly meet the substance of the averments denied. When a pleader intends in good faith to deny only a part or a qualification of an averment, the pleader shall specify so much of it as is true and material and shall deny only the remainder. Unless the pleader intends in good faith to controvert all the averments of the preceding pleading, the pleader may make denials as specific denials of designated averments or paragraphs or may generally deny all the averments except such designated averments or paragraphs as the pleader expressly admits; but, when the pleader does so intend to controvert all its averments, including averments of the grounds upon which the court's jurisdiction depends, the pleader may do so by general denial subject to the obligations set forth in Rule 11.

**(c) Affirmative Defenses.** In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, li-

cense, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation.

**(d) Effect of Failure to Deny.** Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.

**(e) Pleading to be Concise and Direct; Consistency.**

(1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required.

(2) A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds. All statements shall be made subject to the obligations set forth in Rule 11.

**(f) Construction of Pleadings.** All pleadings shall be so construed as to do substantial justice.

(As amended Feb 28, 1966, eff. July 1, 1966; Mar. 2, 1987, eff. Aug. 1, 1987.)

## ADVISORY COMMITTEE NOTES

### 1937 Adoption

**Note to Subdivision (a).** See [former] Equity Rules 25 (Bill of Complaint—Contents), and 30 (Answer—Contents—Counterclaim) Compare 2 Ind.Stat.Ann. (Burns, 1933) §§ 2-1004, 2-1015; 2 Ohio Gen.Code Ann. (Page, 1926) §§ 11305, 11314; Utah Rev.Stat.Ann. (1933) §§ 104-7-2, 104-9-1.

See Rule 19(c) for the requirement of a statement in a claim for relief of the names of persons who ought to be parties and the reason for their omission.

See Rule 23(b) for particular requirements as to the complaint in a secondary action by shareholders.

**Note to Subdivision (b).** 1. This rule supersedes the methods of pleading prescribed in U.S.C., Title 19, § 508 (Persons making seizures pleading general issue and proving special matter); U.S.C. Title 35, [former] §§ 40d (Proving under general issue, upon notice, that a statement in application for an extended patent is not true), 69 [now 282] (Pleading and proof in actions for infringement) and similar statutes.

2. This rule is, in part, [former] Equity Rule 30 (Answer—Contents—Counterclaim), with the matter on denials largely from the Connecticut practice. See Conn. Practice Book (1934) §§ 107, 108, and 122; Conn.Gen.Stat. (1930) §§ 5508 to 5514. Compare the English practice, *English Rules Under the Judicature Act* (The Annual Practice, 1937) O. 19, r.r 17–20.

**Note to Subdivision (c).** This follows substantially *English Rules Under the Judicature Act* (The Annual Practice, 1937) O. 19, r. 15 and N.Y.C.P.A. (1937) § 242, with "surprise" omitted in this rule.

**Note to Subdivision (d).** The first sentence is similar to former Equity Rule 30 (Answer—Contents—Counterclaim). For the second sentence see former Equity Rule 31 (Reply—When Required—When Cause at Issue). This is similar to *English Rules Under the Judicature Act* (The Annual Practice, 1937) O. 19, r.r. 13, 18, and to the practice of the States.

**Note to Subdivision (e).** This rule is an elaboration upon [former] Equity Rule 30 (Answer—Contents—Counterclaim), plus a statement of the actual practice under some codes. Compare also [former] Equity Rule 18 (Pleadings—Technical Forms Abrogated). See Clark, *Code Pleading* (1928), pp. 171–4, 432–5; Hankin, *Alternative and Hypothetical Pleading* (1924), 33 Yale L.J. 365.

**Note to Subdivision (f).** A provision of like import is of frequent occurrence in the codes. Smith-Hurd Ill.Stats. ch. 110, § 157(3); 2 Minn.Stat. (Mason, 1927) § 9266; N.Y.C.P.A. (1937) § 275; 2 N.D.Comp.Laws Ann. (1913) § 7458.

### 1966 Amendment

The change here is consistent with the broad purposes of unification.

### 1987 Amendment

The amendments are technical. No substantive change is intended.

## Rule 9. Pleading Special Matters

**(a) Capacity.** It is not necessary to aver the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of an organized association of persons that is made a party, except to the extent required to show the jurisdiction of the court. When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, the party desiring to raise the issue shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge.

**(b) Fraud, Mistake, Condition of the Mind.** In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other

committed to the discretion of the trial court; accordingly, as under current law, the standard for appellate review of these decisions will be for abuse of discretion. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) (noting, however, that an abuse would be established if the court based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence).

The revision leaves for resolution on a case-by-case basis, considering the particular circumstances involved, the question as to when a motion for violation of Rule 11 should be served and when, if filed, it should be decided. Ordinarily the motion should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely. In other circumstances, it should not be served until the other party has had a reasonable opportunity for discovery. Given the "safe harbor" provisions discussed below, a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention).

Rule 11 motions should not be made or threatened for minor, inconsequential violations of the standards prescribed by subdivision (b). They should not be employed as a discovery device or to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes. Nor should Rule 11 motions be prepared to emphasize the merits of a party's position, to exact an unjust settlement, to intimidate an adversary into withdrawing contentions that are fairly debatable, to increase the costs of litigation, to create a conflict of interest between attorney and client, or to seek disclosure of matters otherwise protected by the attorney-client privilege or the work-product doctrine. As under the prior rule, the court may defer its ruling (or its decision as to the identity of the persons to be sanctioned) until final resolution of the case in order to avoid immediate conflicts of interest and to reduce the disruption created if a disclosure of attorney-client communications is needed to determine whether a violation occurred or to identify the person responsible for the violation.

The rule provides that requests for sanctions must be made as a separate motion, *i.e.*, not simply included as an additional prayer for relief contained in another motion. The motion for sanctions is not, however, to be filed until at least 21 days (or such other period as the court may set) after being served. If, during this period, the alleged violation is corrected, as by withdrawing (whether formally or informally) some allegation or contention, the motion should not be filed with the court. These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation. Under the former rule, parties were sometimes reluctant to abandon a questionable contention lest that be viewed as evidence of a violation of Rule 11; under the revision, the timely withdrawal of a contention will protect a party against a motion for sanctions.

To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, the revision provides that the "safe harbor" period begins to run only upon service of the motion. In most cases, however, counsel should be expected to give informal notice to the other party, whether in person or by a telephone call or letter, of a potential violation before proceeding to prepare and serve a Rule 11 motion.

As under former Rule 11, the filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions. However, service of a cross motion under Rule 11 should rarely be needed since under the revision the court may award to the person who prevails on a motion under Rule 11—whether the movant or the target of the motion—reasonable expenses, including attorney's fees, incurred in presenting or opposing the motion.

The power of the court to act on its own initiative is retained, but with the condition that this be done through a show cause order. This procedure provides the person with notice and an opportunity to respond. The revision provides that a monetary sanction imposed after a court-initiated show cause order be limited to a penalty payable to the court and that it be imposed only if the show cause order is issued before any voluntary dismissal or an agreement of the parties to settle the claims made by or against the litigant. Parties settling a case should not be subsequently faced with an unexpected order from the court leading to monetary sanctions that might have affected their willingness to settle or voluntarily dismiss a case. Since show cause orders will ordinarily be issued only in situations that are akin to a contempt of court, the rule does not provide a "safe harbor" to a litigant for withdrawing a claim, defense, etc., after a show cause order has been issued on the court's own initiative. Such corrective action, however, should be taken into account in deciding what—if any—sanction to impose if, after consideration of the litigant's response, the court concludes that a violation has occurred.

**Subdivision (d).** Rules 26(g) and 37 establish certification standards and sanctions that apply to discovery disclosures, requests, responses, objections, and motions. It is appropriate that Rules 26 through 37, which are specially designed for the discovery process, govern such documents and conduct rather than the more general provisions of Rule 11. Subdivision (d) has been added to accomplish this result.

Rule 11 is not the exclusive source for control of improper presentations of claims, defenses, or contentions. It does not supplant statutes permitting awards of attorney's fees to prevailing parties or alter the principles governing such awards. It does not inhibit the court in punishing for contempt, in exercising its inherent powers, or in imposing sanctions, awarding expenses, or directing remedial action authorized under other rules or under 28 U.S.C. § 1927. *See Chambers v. NASCO*, — U.S. — (1991). Chambers cautions, however, against reliance upon inherent powers if appropriate sanctions can be imposed under provisions such as Rule 11, and the procedures specified in Rule 11—notice, opportunity to respond, and findings—should ordinarily be employed when imposing a sanction under the court's inherent powers. Finally, it should be noted that Rule 11 does not preclude a party from initiating an independent action for malicious prosecution or abuse of process.

## Rule 12. Defenses and Objections—When and How Presented—By Pleading or Motion—Motion for Judgment on Pleadings

**(a) When Presented.**

(1) Unless a different time is prescribed in a statute of the United States, a defendant shall serve an answer

(A) within 20 days after being served with the summons and complaint, or

(B) if service of the summons has been timely waived on request under Rule 4(d), within 60 days after the date when the request for waiver was sent, or within 90 days after that date if the defendant was addressed outside any judicial district of the United States.

(2) A party served with a pleading stating a cross-claim against that party shall serve an answer thereto within 20 days after being served. The plaintiff shall serve a reply to a counterclaim in the answer within 20 days after service of the answer, or, if a reply is ordered by the court, within 20 days after service of the order, unless the order otherwise directs.

(3)(A) The United States, an agency of the United States, or an officer or employee of the United States sued in an official capacity, shall serve an answer to the complaint or cross-claim — or a reply to a counterclaim — within 60 days after the United States attorney is served with the pleading asserting the claim.

(B) An officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States shall serve an answer to the complaint or cross-claim — or a reply to a counterclaim — within 60 days after service on the officer or employee, or service on the United States attorney, whichever is later.

(4) Unless a different time is fixed by court order, the service of a motion permitted under this rule alters these periods of time as follows:

(A) if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action; or

(B) if the court grants a motion for a more definite statement, the responsive pleading shall be served within 10 days after the service of the more definite statement.

**(b) How Presented.** Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, the adverse party may assert at the trial any defense in law or fact to that claim for relief. If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

**(c) Motion for Judgment on the Pleadings.** After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

**(d) Preliminary Hearings.** The defenses specifically enumerated (1)–(7) in subdivision (b) of this rule, whether made in a pleading or by motion, and the motion for judgment mentioned in subdivision (c) of this rule shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial.

**(e) Motion for More Definite Statement.** If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

**(f) Motion to Strike.** Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

**(g) Consolidation of Defenses in Motion.** A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party. If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.

**(h) Waiver or Preservation of Certain Defenses.**

(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

(2) A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a party indispensable under Rule 19, and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits.

(3) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Feb. 28, 1966, eff. July 1, 1966; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 17, 2000, eff. Dec. 1, 2000.)

## ADVISORY COMMITTEE NOTES

### 1937 Adoption

**Note to Subdivision (a).** 1. Compare [former] Equity Rules 12 (Issue of Subpoena—Time for Answer) and 31 (Reply—When Required—When Cause at Issue); 4 Mont. Rev.Codes Ann. (1935) §§ 9107, 9158; N.Y.C. P.A. (1937) § 263; N.Y.R.C.P. (1937) Rules 109–111.

2. U.S.C., Title 28, § 763 (now § 547) (Petition in action against United States; service; appearance by district attorney) provides that the United States as a defendant shall have 60 days within which to answer or otherwise defend. This and other statutes which provide 60 days for the United States or an officer or agency thereof to answer or otherwise defend are continued by this rule. In so far as any statutes not excepted in rule 81 provide a different time for a defendant to defend, such statutes are modified. See U.S.C., Title 28, [former] § 45 (District courts; practice and procedure in certain cases under the interstate commerce laws) (30 days).

3. Compare the last sentence of [former] Equity Rule 29 (Defenses—How Presented) and N.Y.C.P.A. (1937) § 283. See Rule 15(a) for time within which to plead to an amended pleading.

**Note to Subdivisions (b) and (d).** 1. See generally [former] Equity Rules 29 (Defenses—How Presented), 33 (Testing Sufficiency of Defense), 43 (Defect of Parties—Resisting Objection), and 44 (Defect of Parties—Tardy Objection); N.Y.C.P.A. (1937) §§ 277-280; N.Y.R.C.P. (1937) Rules 106–112; *English Rules Under the Judicature Act* (The Annual Practice, 1937) O. 25, r.r. 1–4; Clark, *Code Pleading*, 1928, pp. 371–381.

2. For provisions authorizing defenses to be made in the answer or reply see *English Rules Under the Judicature Act*, (The Annual Practice, 1937) O. 25, r.r. 1–4; 1 Miss.Code Ann. (1930) §§ 378, 379. Compare Equity Rule 29 (Defenses—How Presented); U.S.C.A., Title 28, [former] § 45 (District Courts; practice and procedure in certain cases under the interstate commerce laws). U.S.C., Title 28, [former] § 45, substantially continued by this rule, provides: "No replication need be filed to the answer, and objections to the sufficiency of the petition or answer as not setting forth a cause of action or defense must be taken at the final hearing or by motion to dismiss the petition based on said grounds, which motion may be made at any time before answer is filed." Compare Calif.Code Civ.Proc., (Deering, 1937) § 433; 4 Nev.Comp.Laws (Hillyer, 1929) § 8600. For provisions that the defendant may demur and answer at the same time, see Calif.Code Civ.Proc. (Deering, 1937) § 431; 4 Nev.Comp. Laws (Hillyer, 1929) § 8598.

3. [Former] Equity Rule 29 (Defenses—How Presented) abolished demurrers and provided that defenses in point of law arising on the face of the bill should be made by motion to dismiss or in the answer, with further provision that every such point of law going to the whole or material part of the cause or causes stated might be called up and disposed of before final hearing "at the discretion of the court." Likewise many state practices have abolished the demurrer, or retain it only to attack substantial and not formal defects. See 6 Tenn.Code Ann. (Williams, 1934) § 8784; Ala.Code Ann. (Michie, 1928) § 9479; 2 Mass.Gen.Laws (Ter.Ed., 1932) ch. 231, §§ 15–18; Kansas Gen.Stat.Ann. (1935) §§ 60–705, 60–706.

**Note to Subdivision (c).** Compare [former] Equity Rule 33 (Testing Sufficiency of Defense); N.Y.R.C.P. (1937) Rules 111 and 112.

**Note to Subdivisions (e) and (f).** Compare [former] Equity Rules 20 (Further and Particular Statement in Pleading May be Required) and 21 (Scandal and Impertinence); *English Rules Under the Judicature Act* (The Annual Practice, 1937) O. 19, r.r. 7, 7a, 7b, 8; 4 Mont.Rev.Codes Ann. (1935) §§ 9166, 9167; N.Y.C.P.A. (1937) § 247; N.Y.C.P.A. (1937) Rules 103, 115, 116, 117; Wyo.Rev.Stat.Ann. (Courtright, 1931) §§ 89–1033, 89–1034.

**Note to Subdivision (g).** Compare Rules of the District Court of the United States for the District of Columbia (1937) Equity Rule 11; N.M. Rules of Pleading, Practice and Procedure, 38 N.M.Rep. vii [105–408] (1934); Wash.Gen. Rules of the Superior Courts, 1 Wash.Rev.Stat.Ann. (Remington, 1932) p. 160, Rule VI(e) and (f).

**Note to Subdivision (h).** Compare Calif.Code Civ.Proc. (Deering, 1937) § 434; 2 Minn.Stat. (Mason, 1927) § 9252; N.Y.C.P.A. (1937) §§ 278 and 279; Wash.Gen.Rules of the Superior Courts, 1 Wash.Rev.Stat.Ann. (Remington, 1932) p.